UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WENDY J. VANEMBURG, ) | |
| ) | CASE NO. C11-5231-RAJ-MAT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner ) | RE: SOCIAL SECURITY DISABILITY |
| of Social Security, ) | APPEAL |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff Wendy J. Vanemburg proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, the Court recommends that this matter be AFFIRMED.

## **FACTS AND PROCEDURAL HISTORY**

Plaintiff was born on XXXX, 1967.[1] She has a GED and previously worked as a

---

[1] Plaintiff's date of birth is redacted back to the year of birth in accordance with Federal Rule of Civil Procedure 5.2(a) and the General Order of the Court regarding Public Access to Electronic Case

REPORT AND RECOMMENDATION
PAGE -1

nursing assistant caregiver. (AR 118-19.)

Plaintiff filed applications for DIB and SSI on June 10, 2008, alleging disability beginning December 31, 2003. She is insured for DIB through June 30, 2009. Plaintiff's applications were denied at the initial level and on reconsideration and she timely requested a hearing.

On September 15, 2009, ALJ Marguerite Schellentrager held a hearing, taking testimony from a medical expert. (AR 34-50.) Plaintiff did not appear. On October 5, 2009, the ALJ issued a decision finding plaintiff not disabled. (AR 24-33.)

Plaintiff timely appealed. The Appeals Council denied plaintiff's request for review on November 1, 2007 (AR 1-5), making the ALJ's decision the final decision of the Commissioner. Plaintiff appealed this final decision of the Commissioner to this Court.

## **JURISDICTION**

The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## **DISCUSSION**

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000). At step one, it must be determined whether the claimant is gainfully employed. The ALJ found plaintiff had not engaged in substantial gainful activity since the alleged onset date. At step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ found plaintiff's polysubstance dependence and affective disorder severe. The ALJ found that plaintiff did not have a severe physical impairment. Step three asks whether a claimant's impairments meet or

Files, pursuant to the official policy on privacy adopted by the Judicial Conference of the United States.

equal a listed impairment. The ALJ found that plaintiff's impairments, including the substance use disorders, met the criteria of sections 12.04 and 12.09 of the Listing of Impairments. The ALJ found that, if plaintiff stopped the substance use, she would not have a severe impairment or combination of impairments. Therefore, the ALJ found plaintiff's substance use a contributing factor material to the determination of disability and, accordingly, found plaintiff not disabled within the meaning of the Social Security Act.

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues that the ALJ failed to properly evaluate her credibility, erroneously evaluated the materiality of her substance use to her disability, and failed to consider her physical limitations. She requests remand for an award of benefits or, alternatively, for further administrative proceedings. The Commissioner argues that the ALJ's decision is supported by substantial evidence and should be affirmed.

## Credibility

Plaintiff argues the ALJ did not articulate specific reasons for finding her not credible. The Commissioner disputes this contention, noting the ALJ found plaintiff lacked credibility

because she misrepresented her substance abuse. *Thomas*, 278 F.3d at 959 (finding that lack of candor regarding substance abuse supported the ALJ's negative conclusions about the claimant's physical description of her pain).

The Court agrees with the Commissioner that the ALJ properly relied on plaintiff's inconsistent reporting of her substance use in finding her not credible. In January 2008, plaintiff claimed to have been sober for eleven months; in April 2008 she claimed to have been sober for 14 months; in July 2008 she claimed sixteen months sobriety. (AR 27, 28.) However, the ALJ noted the evidence showed ongoing substance use for more than a year, noting plaintiff told a psychological examiner she had used crack cocaine, marijuana, alcohol, and methamphetamine during the last year. (AR 28, 284-85.) Plaintiff does not establish error in the ALJ's consideration of her credibility.

<u>Physical Impairment</u>

At step two, a claimant must make a threshold showing that her medically determinable impairments significantly limit her ability to perform basic work activities. *See Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) and 20 C.F.R. §§ 404.1520(c), 416.920(c). The ALJ found plaintiff had severe impairments consisting of polysubstance dependence and an affective disorder, but did not find she had a severe physical impairment.

Plaintiff argues the ALJ erred in failing to consider her physical symptoms in the evaluation of her disability. However, the ALJ did give consideration to the possibility of a severe physical impairment, and concluded there was none:

> I do not find that the [plaintiff] has a severe physical impairment. While she presented to Dr. Opalenik that she had a long term history of pain in her back and hands, there is no evidence of any complaint or treatment for these

REPORT AND RECOMMENDATION
PAGE -4

impairments. While she told him that she could not stand for long periods, she later reported that she enjoyed hacky sack, going to the park, cooking and cleaning. This is completely inconsistent with the [plaintiff]'s report to Dr. Opalenik. There are no x-rays or other objective findings of physical impairment. I do not give any weight to the opinion of Dr. Opalenik or the State Agency physicians given the complete lack of objective findings of a physical impairment, and the [plaintiff]'s general lack of credibility as noted by her misrepresentations concerning her substance use.

(AR 29.)

Plaintiff acknowledges the ALJ gave no weight to the opinions of Dr. Opalenik. Although plaintiff does not specifically assign error to the ALJ's findings in that regard, the Court will consider it as implicit. However, the Court agrees with the Commissioner that the ALJ did not err in the consideration of Dr. Opelenik's opinions.

Dr. Opalenik completed a physical evaluation of plaintiff on July 28, 2008. (AR 231-35.) Plaintiff said she had been having back pain since 1997 and the pain had been getting worse since then. Plaintiff told Dr. Opalenik she could not stand for more than fifteen minutes and changed her position frequently to relieve her pain. She said she had been clean and sober for sixteen months. Dr. Opalenik diagnosed back pain, indicating an MRI would help assess plaintiff's condition. The doctor indicated plaintiff could stand and walk for less than two hours, lifting and carrying no more than twenty five pounds. Plaintiff also reported hand pain, with somewhat enlarged metacarpal phalangeal joints, but the doctor found no limitations in handling, noting plaintiff could play the guitar. (AR 28.)

As the Commissioner notes, symptoms alone are not enough to establish a medically determinable impairment. *Ukulov v. Barnhart,* 420 F.3d 1002, 1005 (9th Cir. 2005); ("[R]egardless of how many symptoms an individual alleges, or how genuine the individual's

complaints may appear to be, the existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings. ... In claims in which there are no medical signs or laboratory findings to substantiate the existence of a medically determinable physical or mental impairment, the individual must be found not disabled at step 2 of the sequential evaluation process."); Social Security Ruling (SSR) 96-4p. As the ALJ noted, the evidentiary record is completely devoid of any objective findings of a physical impairment. Rather, Dr. Opalenik's report of back and hand pain was based on plaintiff's non-credible history of symptoms, found to be contradicted by plaintiff's report that she enjoyed hacky sack, going to the park, cooking and cleaning, as well as a lack of mention as to back pain in an examination the previous month. (AR 28-29, 286.) The Court finds the ALJ did not err in the consideration of plaintiff's physical limitations.

<u>Drug Addiction and Alcoholism</u>

A claimant is not entitled to disability benefits "if alcoholism or drug addiction would … be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). Therefore, where relevant, an ALJ must conduct a drug abuse and alcoholism (DAA) analysis and determine whether a claimant's disabling limitations remain absent the use of drugs or alcohol. 20 C.F.R. §§ 404.1535, 416.935. That is, the ALJ must, first, identify disability under the five step procedure and, second, conduct a DAA analysis to determine whether substance abuse was material to disability. *Bustamante v. Massanari*, 262 F.3d 949, 955 (9th Cir. 2001). "If the remaining limitations would still be disabling, then the claimant's drug addiction or alcoholism is not a contributing factor material

to his disability. If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied." *Parra v. Astrue*, 481 F.3d 742, 747-48 (9th Cir. 2007).

In this case, the ALJ conducted the DAA analysis, first finding plaintiff's mental impairments to satisfy the requirements of sections 12.04 ("Affective Disorders") and 12.09 ("Substance Addiction Disorders") of the Listing of Impairments, 20 C.F.R. Part 404, Subpt P, App. 1. Next, the ALJ considered whether plaintiff would be disabled if she stopped the substance use, finding she would not. Therefore, the ALJ concluded plaintiff's substance use disorder was a contributing factor material to the determination of disability and found plaintiff not disabled. 20 C.F.R. §§ 404.1535, 416.935.

Plaintiff agrees that she is disabled, but contends her alcohol and drug abuse does not materially contribute to the disability. Although plaintiff acknowledges she suffers from alcohol and drug abuse problems, she maintains she was clean and sober at the time of her January 24, 2008 evaluation (AR 220-23) and, therefore, her impairments were not affected by drug or alcohol use.

In response, the Commissioner argues the ALJ reasonably concluded plaintiff's DAA was material to her disability. Two of the three psychological assessments did not separate the symptoms that would remain if plaintiff were to stop her substance abuse. The ALJ found that the third assessment, from Mary Mangione-Lambie, Ph.D., was based on plaintiff's representation that she had been clean and sober for eleven months at the time of her January 2008 evaluation. As previously discussed, the ALJ found plaintiff lacked credibility because she had misrepresented her substance abuse, admitting in another evaluation that she had used

01 | crack, marijuana, alcohol, and crystal methamphetamine during the same year she was
02 | representing to other evaluators that she was clean and sober. (AR 28, 29, 222, 284-85.)

03 | The ALJ relied on the testimony of Dr. Jay M. Toews (AR 94-97) who attended the
04 | hearing and testified. (AR 42-48.) Dr. Toews opined that the evidence did not suggest that
05 | plaintiff's polysubstance abuse was in remission (AR 46-47), that her substance abuse was
06 | material, and that her reports of possible auditory hallucinations, panic-like episodes, and
07 | depression appeared to be in the context of alcohol and drug abuse (AR 44-45). Giving
08 | significant weight to Dr. Toews' opinion, the ALJ considered the four broad functional areas
09 | for evaluating mental disorders under the disability regulations and the Listing of Impairments,
10 | known as the "paragraph B" criteria. (AR 32.) Because the remaining limitations would cause
11 | no more than "mild" limitations in any of the first three functional areas and no episodes of
12 | decompensation under the fourth area of consideration, the ALJ concluded that any remaining
13 | mental limitations were nonsevere if plaintiff's substance abuse stopped. (*Id.*)

14 | The burden is on plaintiff to establish that DAA is not material to the disability claim.
15 | *Para*, 481 F.3d at 748. The Court finds the ALJ did not err in finding plaintiff's drug abuse
16 | and alcoholism was a contributing factor material to the determination of her disability, and,
17 | therefore, plaintiff was not disabled within the meaning of the Social Security Act at any time
18 | from the date of alleged onset through the date of decision.

19 | / / /
20 | / / /
21 | / / /
22 | / / /

## **CONCLUSION**

For the reasons set forth above, this matter should be AFFIRMED.

DATED this 20th day of October, 2011.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -9